UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SORAYA M. RIGOR,<br><br>    Plaintiff,<br><br>    v.<br><br>SANTA CLARA COUNTY PUBLIC DEFENDER'S OFFICE, et al.,<br><br>    Defendants. | No. 2:23–cv–2146–DAD–KJN PS<br><br>ORDER GRANTING IFP; FINDINGS AND RECOMMENDATIONS TO DISMISS<br><br>(ECF No. 2.) |

Plaintiff, who proceeds without counsel in this action, requests leave to proceed in forma pauperis ("IFP").[1] (ECF No. 2.) See 28 U.S.C. § 1915 (authorizing the commencement of an action "without prepayment of fees or security" by a person who is unable to pay such fees). Plaintiff's affidavit makes the required financial showing, and so plaintiff's request is granted.

However, the determination that a plaintiff may proceed without payment of fees does not complete the inquiry. Under the IFP statute, the court must screen the complaint and dismiss any claims that are "frivolous or malicious," fail to state a claim on which relief may be granted, or seek monetary relief against an immune defendant. 28 U.S.C. § 1915(e)(2). Further, the federal court has an independent duty to ensure it has subject matter jurisdiction in the case. See United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004).

---

[1] Actions where a party proceeds without counsel are referred to a magistrate judge pursuant to E.D. Cal. L.R. 302(c)(21). See 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72.

**Legal Standards**

A claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted." Rule 12(b)(6). A complaint fails to state a claim if it either lacks a cognizable legal theory or sufficient facts to allege a cognizable legal theory. Mollett v. Netflix, Inc., 795 F.3d 1062, 1065 (9th Cir. 2015). To avoid dismissal for failure to state a claim, a complaint must contain more than "naked assertions," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Thus, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

When considering whether a complaint states a claim upon which relief can be granted, the court must accept the well-pleaded factual allegations as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Papasan v. Allain, 478 U.S. 265, 283 (1986). The court is not, however, required to accept as true "conclusory [factual] allegations that are contradicted by documents referred to in the complaint," or "legal conclusions merely because they are cast in the form of factual allegations." Paulsen v. CNF Inc., 559 F.3d 1061, 1071 (9th Cir. 2009).

Pro se pleadings are to be liberally construed. Hebbe v. Pliler, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (liberal construction appropriate even post–Iqbal). Prior to dismissal, the court is to tell the plaintiff of deficiencies in the complaint and provide an opportunity to cure—if it appears at all possible the defects can be corrected. See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc). However, if amendment would be futile, no leave to amend need be given. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 339 (9th Cir. 1996).

///

///

**Plaintiff''s Failure to State Plausible Claims**

Plaintiff cites two general sources of law for her claims: Title 42 U.S.C. § 1983 for alleged violations of her Sixth, Eighth, and Fourteenth Amendment rights; and various sections of Title 18 of the U.S. Code. (ECF No. 1.) For the reasons stated below, none of plaintiff's claims survive screening.

First, as to the attempt to assert claims under Title 18, plaintiff, as a private citizen, has no authority to bring claims under criminal statutes. See Allen v. Gold Country Casino, 464 F.3d 1044, 1048 (9th Cir. 2006) (no private right of action for violation of criminal statutes), see also Dowdell v. Sacramento Hous. & Redevelopment Agency, 2011 WL 837046, at *2 (E.D. Cal. Mar. 8, 2011) (no private right of action under 18 U.S.C. § 1001).

As to the claims raised under Section 1983, these must be dismissed given the nature of the defendants named. Plaintiff names the Santa Clara County Public Defender's Office and District Attorney's Office, the United States Department of Justice, and the State of California. However, liability under 42 U.S.C. § 1983 must be based on the personal involvement of each defendant and may not be based on respondeat superior. See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Monell v. New York City Dep't of Social Servs., 436 U.S. 658, 694 (1978). Additionally, states and the U.S. enjoy sovereign immunity for purposes of § 1983. See Arizonans for Official English v. Arizona, 520 U.S. 43, 69 (1997); Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989); Cornel v. Hawaii, 37 F.4th 527, 531 (9th Cir. 2022).

As to the remainder of the complaint, it does not comply with Rule 8 requiring a short and plain statement. See Fed. R. Civ. P. 8. Plaintiff's complaint is fifty-four pages long and is primarily argumentative, prolix, replete with redundancy, and largely irrelevant with legal authority and personal questions. In McHenry, the Ninth Circuit explained that Federal Rules require that averments "be simple, concise, and direct." McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996). There, plaintiff's thirty–seven page complaint alleged multiple variations of a civil rights claim against numerous defendants and the district court dismissed for plaintiff's failure to provide a short and plain statement, as required by Rule 8. Id. at 1174. The court went on to explain that the drafters of the rules anticipated that there may be some confusion as to what

is meant by a "short and plaint statement" requirement. Id. Accordingly, Federal Rule of Civil Procedure 84 provided for an official Appendix of Forms "intended to indicate the simplicity and brevity of statement which the rules contemplate." The complaints in the official Appendix of Forms are dramatically short and plain. For example, as outlined in McHenry, a standard negligence complaint should consist of three short paragraphs that should look like this:

> 1. Allegation of jurisdiction.
>
> 2. On June 1, 1936, in a public highway called Boylston Street in Boston, Massachusetts, defendant negligently drove a motor vehicle against plaintiff, who was then crossing said highway.
>
> 3. As a result plaintiff was thrown down and had his leg broken, and was otherwise injured, was prevented from transacting his business, suffered great pain of body and mind, and incurred expenses for medical attention and hospitalization in the sum of one thousand dollars.
>
> Wherefore plaintiff demands judgment against defendant in the sum of __ dollars and costs.

McHenry, 84 F.3d at 1177. Such a complaint fully sets forth who is being sued, for what relief, and on what theory, with enough detail to guide discovery. Id.

**Amendment Should Be Denied**

Ordinarily, the court liberally grants a pro se plaintiff leave to amend. Lopez, 203 F.3d at 1130-31. However, because the record here shows plaintiff would be unable to cure the above-mentioned deficiencies through further amendment of the complaint, the court concludes that granting leave to amend would be futile. Cahill, 80 F.3d at 339. Even in a scenario where plaintiff were to name individual defendants who work for the defendant entities listed in the complaint, she would still fail to state a claim because state prosecutors have immunity to suits arising out of their traditional functions as lawyers and public defenders do not operate under color of law. See Imbler v. Pachtman, 424 U.S. 409, 430-31 (1976); Polk County v. Dodson, 454 U.S. 312, 318-19 (1981).

////

////

////

# ORDER AND RECOMMENDATIONS

Accordingly, IT IS HEREBY ORDERED that plaintiff's IFP application (ECF No. 2) is GRANTED.

Further, it is RECOMMENDED that:

1. The action be DISMISSED WITH PREJUDICE;
2. The Clerk of Court be directed to CLOSE this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these findings and recommendations, plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated:  October 6, 2023

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

SD/AZ, rigo.2146